IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO. 3:25-cr-546-ECM |
| ) | [WO] |
| JAMARIUS BROOKS  ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On August 22, 2025, a criminal complaint was issued against Defendant Jamarius Brooks ("Brooks") alleging that he unlawfully transferred or possessed a machinegun in violation of 18 U.S.C. § 922(o). (Doc. 1). The complaint arose out of Brooks' alleged transfer or possession of machinegun conversion devices ("MCDs"). The Government filed a motion for detention (doc. 4), and the United States Magistrate Judge held a detention hearing on August 28, 2025. The Magistrate Judge granted the Government's motion for detention, finding that Brooks poses a danger to the community. (Doc. 14). On September 16, 2025, Brooks was indicted on one count of unlawful transfer or possession of a machinegun in violation of § 922(o). (Doc. 17).

Now pending before the Court is Brooks' motion to review and reverse detention order. (Doc. 16). The Court has independently reviewed the proceedings before the Magistrate Judge, including the transcript of the detention hearing, the evidence presented, the Order of Detention (doc. 14), and the parties' submissions. Upon careful consideration, and for the reasons that follow, the Court concludes that Brooks' motion is due to be denied without a hearing.

## II.   JURISDICTION AND LEGAL STANDARD

Pursuant to 18 U.S.C. § 3145(b), a defendant who has been ordered detained pending trial may move the court with original jurisdiction over the offense to revoke or amend the detention order.   In considering such a motion, the district court must undertake an independent, *de novo* review of the case. *United States v. King*, 849 F.2d 485, 489–90 (11th Cir. 1988).

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court takes into account several factors, including:   (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence against the defendant; and (3) the defendant's history and characteristics. 18 U.S.C. § 3142(g).

## III.   DISCUSSION

The Court has carefully reviewed the transcript of the detention hearing, the evidence presented, the Magistrate Judge's detention order, and the parties' arguments. The Court adopts the Magistrate Judge's factual findings and legal conclusions, with additional findings set out below.

In granting the Government's motion for detention, the Magistrate Judge found that the Government had proven, by clear and convincing evidence, that "there are no conditions or combination of conditions that will reasonably assure the safety of the community." (Doc. 14 at 8).   Regarding the safety of the community, the Magistrate Judge

highlighted the danger MCDs pose to the community and concluded that there was "credible evidence" against Brooks, including evidence that a parcel from China containing five MCDs was set for delivery to Brooks (with Brooks' cell phone number on the parcel). In his motion, Brooks contends that the evidence against him is minimal because, for example, law enforcement failed to uncover any MCDs when they searched his home. According to Brooks, evidence that he ordered MCDs is insufficient to support a finding of possession. Upon *de novo* review, the Court disagrees. Brooks was alleged to have violated § 922(o) by possessing *or transferring* a machinegun. The Government presented evidence that a parcel containing five MCDs was set for delivery to Brooks, and that Brooks' asserted source of income is questionable and he appears to be leaving beyond his means. For these reasons, the Court concludes that the evidence against Brooks is stronger than he suggests. At this stage, the evidence supports a finding that Brooks at least transferred MCDs.

Additionally, Brooks contends that the Magistrate Judge effectively (and erroneously) imposed an irrebuttable presumption of detention in cases where the alleged criminal conduct involved the mail. He argues that it is unreasonable to conclude "that there is something uniquely impossible about preventing crimes that occur by mail." (Doc. 16 at 9). Again, the Court disagrees. The nature and circumstances of the alleged offense, including that it involved the mail, supports a finding that there is a substantial risk the alleged criminal conduct would continue if Brooks were released and ordered to home detention. Brooks' home is a situs of the alleged criminal conduct. For all these

3

reasons, the Court concludes that Brooks poses a danger to the community, and the Government has proven, by clear and convincing evidence, that no condition or combination of conditions would reasonably assure the safety of the community.

### IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Brooks' motion to review and reverse the Magistrate Judge's detention order (doc. 16) is GRANTED to the extent that the undersigned has reviewed the detention order, and the motion is DENIED in all other respects.   It is further

ORDERED that the Magistrate Judge's detention order (doc. 14) is AFFIRMED.

DONE this 9th day of October, 2025.

        /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE